IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) EQUAL EMPLOYMENT OPPORTUNITY }
    COMMISSION,                   }
                                  }
    Plaintiff,                    }
                                  }
v.                                }   Case No. 12-CV-330-JHP-FHM
                                  }
(1) VOSS ELECTRIC COMPANY d/b/a   }
    VOSS LIGHTING,                }
                                  }   JURY TRIAL DEMANDED
    Defendant.                    }
_____}

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Edward Wolfe. The Equal Employment Opportunity Commission alleges that the Defendant, Voss Electric Company d/b/a Voss Lighting ("Voss"), violated Title VII by failing to hire Mr. Wolfe because of his religion.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to §§ 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) & (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Oklahoma.

## PARTIES

2. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) & (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

3. At all relevant times, Defendant has been a foreign for-profit corporation continuously doing business in the State of Oklahoma and the City of Tulsa, and has continuously had at least fifteen employees.

4. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

5. More than thirty days prior to the institution of this lawsuit, Edward Wolfe filed a charge with the Commission alleging a violation of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

6. Since at least January 2011, Defendant has engaged in unlawful employment practices in its Voss Lighting store in Tulsa, Oklahoma, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. Sections 2000e-2(a)(1):

    A. Voss Lighting is in the business of selling lighting products.

    B. Voss Lighting generally considers itself and its employees to be Christian.

    C. On January 17, 2011, the incumbent Operations Supervisor, Joshua Silva, posted a job vacancy for Operations Supervisor through the internet job

|   |   |
|---|---|
|    | board of his church, the First Baptist Church of Broken Arrow. |
| D. | Neither the vacancy announcement nor the job description for "Operations Supervisor" contain any religious duty or responsibility. |
| E. | Edward Wolfe ("Wolfe") learned of the Voss Lighting job posting from a client who was a member of the church through which the job vacancy was posted. |
| F. | Per the job posting, Wolfe established e-mail contact with Joshua Silva on or about February 16, 2011. Wolfe expressed interest in the position and submitted his resume, which contains prior "operations manager" experience. |
| G. | The next day, Silva informed Wolfe that the position was still open and that he planned to review Wolfe's resume with his Branch Manager, Randy Tidwell. Silva also inquired whether Wolfe attended First Baptist Church of Broken Arrow. Wolfe replied he did "not yet" attend the church, but that he had been invited to do so by existing members. Wolfe disclosed that he is a single parent and is currently required to work on Sundays to make ends meet. |
| H. | On February 23, 2011, Wolfe met in person with Silva at Voss' Tulsa store and filled out an "employment inquiry" form for the Operations Supervisor vacancy. |
| I. | During the February 23 meeting, Silva made casual inquiries into Wolfe's religious background; however, the majority of the interview focused on |

the job vacancy at issue. Silva told Wolfe he was a "perfect fit" for the job. Silva further informed Wolfe that it would be great to have someone as knowledgeable as him about computers in the position. Wolfe alleges that, at the close of this interview, Silva said he "would hire Wolfe if it was his decision," however, that Wolfe needed to be interviewed by Tidwell.

J. Silva recommended Wolfe to Tidwell as a strong candidate for the Operations Supervisor position.

K. Prior to Tidwell interviewing Wolfe, Tidwell and Silva exchanged e-mails discussing in detail Wolfe's religious affiliations and activities.

L. On or about February 25, 2011, Wolfe was called in for an interview with Tidwell. During this interview, Tidwell interrogated Wolfe about his religious practices and beliefs, including asking Wolfe to identify every church he has attended over the past several years; where and when Wolfe was "saved," and the circumstances that led up to it; and asking whether Wolfe "would have a problem" coming into work early to attend bible study before clocking-in. Throughout the interview, Tidwell expressed overt agitation and disapproval at Wolfe's responses to his religious line of questioning.

M. Tidwell informed Wolfe that the majority of Voss' employees are Southern Baptist, but that it wasn't required that you go to a Southern Baptist church. As long as you were a "born-again" Christian, it didn't matter what church you attended.

      N.      Following his interview by Tidwell, Wolfe was never offered the Operations Supervisor position and never heard from Voss Lighting.

      O.      Wolfe was qualified for the Operations Supervisor position.

      P.      Despite his qualifications, Defendant rejected Wolfe because his religious beliefs did not comport with those of the Defendant.

      Q.      At the time of Wolfe's non-selection, Voss Lighting had no other viable applicants for the vacancy. Voss Lighting continued to seek applicants for the position because it was dissatisfied with Wolfe's religious beliefs.

      R.      These actions constitute unlawful discrimination against Wolfe on the basis of religion.

      S.      As a result of these actions, Wolfe has suffered lost wages, in addition to pecuniary and non-pecuniary damages.

7.      The practices complained of above were intentional and designed to deprive Wolfe of equal employment opportunities.

8.      The unlawful employment practices complained of above were committed with malice or with reckless indifference to the federally protected rights of Wolfe.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate as to hiring on the basis of an applicant's religious beliefs or non-beliefs.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Edward Wolfe and other employees without consideration for their religious beliefs and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to institute and carry out live training of hiring managers as to Title VII's prohibitions against religious discrimination.

D. Order the Defendant to make whole Edward Wolfe by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful-place hiring or front pay in lieu of hiring.

E. Order the Defendant to make whole Edward Wolfe by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

F. Order the Defendant to pay Edward Wolfe punitive damages for its malice or reckless indifference to his federally protected rights described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a Jury Trial on all questions of fact raised by its complaint.

Respectfully submitted,

**FOR PLAINTIFF U.S. E.E.O.C.:**

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

BARBARA A. SEELY
Regional Attorney
St. Louis District Office

/s/ Patrick J. Holman
PATRICK J. HOLMAN, OBA #21216
Trial Attorney

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Area Office for the State of Oklahoma
215 Dean A. McGee Avenue, Suite 524
Oklahoma City, Oklahoma 73102
Tel No.  405-231-4363
Fax No. 405-231-5816
patrick.holman@eeoc.gov